**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

|  |  |
|---|---|
| **CHRISTIE MARTINO**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No. 2:21-cv-031** |
| | **Judge:** |
| **INFINITE POOL FINISHES, LLC**, a Florida limited liability company, | **Mag. Judge:** |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **CHRISTIE MARTINO** ("**MARTINO**"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1.    This is an action brought under the Family & Medical Leave Act (FMLA), Americans with Disabilities Act (ADAAA) and Fair Labor Standards Act (FLSA) for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, (3) disability discrimination in violation of the ADAAA, (4) disability discrimination in violation of the FCRA, (5) retaliation in violation of the ADAAA, (6) retaliation in violation of the FCRA, and (7) unpaid overtime.

1

## PARTIES

2.      Plaintiff, **CHRISTIE MARTINO** ("**MARTINO**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by **INFINITE POOL FINISHES, LLC** ("**INFINITE**" or "Defendant").

3.      Defendant, **INFINITE** is a Florida limited liability company that employed **MARTINO** in Lee County, Florida.

4.      **INFINITE** employs in excess of 50 employees and is an employer under the FMLA, ADAAA and FCRA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

7.      **MARTINO** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on October 23, 2020 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

2

## GENERAL ALLEGATIONS

8.     **MARTINO** began her employment with the Defendant on or about January 30, 2017.

9.     **MARTINO** was employed by the Defendant as a scheduler on a full-time basis.

### FMLA/ADAAA/FCRA Allegations

10.     **MARTINO** always performed her assigned duties in a professional manner and was very well qualified for her position despite her impairments of the musculoskeletal system.

11.     **MARTINO** received good performance reviews from the Defendant's managers until she suffered a serious injury on August 16, 2019, which required one week in the hospital.

12.     **MARTINO** immediately disclosed her serious health condition (severely broken leg) to the Defendant and informed the Defendant that she could (and would) continue to perform the essential functions of her position from home for a short period of time until she recuperated. However, the Defendant refused and placed her on unpaid leave without engaging in any interactive process.

13.     While in the hospital, the Defendant's human resources manager went to the hospital and collected **MARTINO**'s company cell phone.

14.     On September 3, 2019, the Defendant provided **MARTINO** with FMLA- paperwork for the first time.

3

15.     On September 9, 2019, **MARTINO** advised the Defendant that she could return to work if she would be permitted to work from home, which she could have easily done as all she needed to complete her duties was a phone and internet.

16.     The Defendant never responded to **MARTINO**'s request.

17.     On October 10, 2019, **MARTINO** requested to be reinstated to her former position but was then told by the Defendant that her position had been filled during her medical leave.

18.     The Defendant had no intention of returning **MARTINO** to work and instead sought to – and did – replace her.

19.     The Defendant terminated **MARTINO** as a result of her request for FMLA leave and her taking of the same (which was a request for reasonable accommodation), which stemmed from her serious health condition.

20.     The Defendant's tangible, adverse employment actions were causally connected to **MARTINO**'s need for FMLA leave and request for reinstatement, her disability and her request for reasonable accommodation.

21.     The Defendant intentionally and systematically discriminated against **MARTINO** by using her disability, serious health condition, her need for FMLA leave and request for reinstatement as the substantial or motivating factors in the Defendant's decision not to continue **MARTINO**'s employment and terminating her.

4

22.     The Defendant terminated **MARTINO** as a direct result of her disability, request and need for FMLA leave, and request for reinstatement.

23.     The Defendant's decision to terminate **MARTINO**'s employment violated **MARTINO**'s rights under the FMLA.

### FLSA Allegations

24.     The Defendant is a Florida limited liability company and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). The Defendant performs pool renovations and pool finishes, and has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. The Defendant's employees are engaged in interstate commerce and their business model specifically caters to persons traveling interstate, such as "snow birds." The Defendant collects monies, most of which is from out-of-state sources. The Defendant has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **MARTINO**. The Defendant supervised and controlled **MARTINO**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **MARTINO**. The Defendant maintains employment records of **MARTINO**. The Defendant was the employer of **MARTINO**.

25.     **MARTINO**'s principal job duties were to schedule the installation of residential pool installations.

26.     **MARTINO**'s position required only a high school education or

equivalent, and did not require any specialized training.

27. The Defendant initially paid **MARTINO** on an hourly basis. But while her job duties did not change, the Defendant changed **MARTINO**'s pay from an hourly rate to a salary basis.

28. However, **MARTINO** was not exempt under the FLSA, but rather should have always been deemed an hourly employee, because the Defendant:

a. Failed to allow **MARTINO** to possess or execute primary job duties that consisted of exercising independent judgment with respect to matters of significance;

b. Failed to allow **MARTINO** to supervise any other employees, or have the authority to affect the terms and conditions of any other employees' employment;

c. Failed to have **MARTINO**'s duties be directly involved with the administration of the Defendant's business;

d. Failed to allow **MARTINO** any management duties whatsoever;

e. Failed to allow **MARTINO** to make decisions on behalf of the Defendant that consisted of exercising any independent judgment on matters of significance;

f. Failed to allow **MARTINO** any authority to make decisions that bind the Defendant;

g. Failed to allow **MARTINO** authority to formulate, affect, interpret, or implement management policies or operating practices;

h. Failed to allow **MARTINO** major assignments in conducting the operations of the business;

i. Failed to allow **MARTINO** work that affects business operations to a substantial degree;

j. Failed to allow **MARTINO** authority to commit the employer in matters that have significant financial impact;

k. Failed to allow **MARTINO** authority to waive or deviate from established policies and procedures without prior approval;

l. Failed to allow **MARTINO** authority to negotiate and bind the company on significant matters;

m. Failed to require **MARTINO** to provide consultation or expert advice to Defendant's management;

n. Failed to allow **MARTINO** involvement in planning long or short-term business objectives;

o. Failed to allow **MARTINO** to investigate and resolve matters of significance on behalf of management;

p. Failed to allow **MARTINO** to represent the company in handling complaints, arbitrating disputes or resolving grievances;

q.  Failed to assign **MARTINO** to perform work in functional areas such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer network, internet and database administration, legal and regulatory compliance, and similar activities;

r.  Required **MARTINO** to take direction as to how to perform her job duties, and what tasks to perform, from her supervisors, and;

s.  Assigned **MARTINO** only duties that did not require her to perform work directly related to assisting with the running or servicing of the Defendant's business (as distinguished, for example, selling the Defendant's product).

29.  **MARTINO** was required by the Defendant to work an average fifty (50) hours per week without proper overtime compensation, but often as many as seventy (70) hours during the Defendant's busy season.

30.  The Defendant's practices alleged in ¶27, *supra*, establish that **MARTINO** was not FLSA-exempt but rather a non-exempt employee whom the Defendant required or permitted to work off-the-clock in violation of the FLSA because **MARTINO** performed work for the benefit of the Defendant for which

she was not compensated. To the extent that such work is performed during a work week in which **MARTINO** has, or would have, worked in excess of forty (40) hours per week, such practice violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times **MARTINO**'s regular hourly wage rate.

31.    The Defendant misclassified **MARTINO** as FLSA-exempt and has failed to keep records of her hours worked.

32.    For the majority of **MARTINO**'s employment, the Defendant did not pay **MARTINO** overtime, and instead opted to compensate **MARTINO** on a salary basis despite the fact the Defendant should have been paying **MARTINO** on an hourly, non-exempt rate during the entire course of her employment with the Defendant. However, during the last pay period of **MARTINO**'s employment, the Defendant refused to pay her for any of the time she worked for the Defendant while she was in the hospital. **MARTINO** was required by the Defendant to work in excess of forty (40) hours per week without proper overtime compensation.

33.    At all relevant times, the Defendant's employment of **MARTINO** has been on a salary basis, which salary was designed to cover all hours worked up to forty (40) hours per week.

34.    The Defendant failed to act in good faith and did not have a reasonable belief it had complied with the FLSA.

35.    The Defendant has violated the FLSA by failing to pay overtime

wages to **MARTINO**.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

36. The Plaintiff hereby incorporates by reference Paragraphs 1-23 in this Count by reference as though fully set forth below.

37. **MARTINO** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **MARTINO** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

38. **MARTINO** informed the Defendant of her need for leave for her own serious health condition.

39. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination.

40. If the Defendant were to have decided that **MARTINO**'s absence was not FMLA- qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

41. The Defendant has never provided **MARTINO** with any notice disqualifying her FMLA leave.

10

42.     In fact, the Defendant determined that **MARTINO** was eligible for leave under the FMLA and yet refused to allow her to return to work, thus terminating her employment because of her request for federally protected medical leave.

43.     **MARTINO** engaged in activity protected by the FMLA when she requested leave due to her serious health condition, consistently informing the Defendant of the same.

44.     The Defendant knew, or should have known, that **MARTINO** was exercising her rights under the FMLA and was aware of **MARTINO**'s need for FMLA-protected absence.

45.     **MARTINO** complied with all of the notice and due diligence requirements of the FMLA.

46.     The Defendant was obligated, but failed, to allow **MARTINO** to take FMLA leave and to return **MARTINO**, an employee who requested and took FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

47.     A causal connection exists between **MARTINO**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **MARTINO** a benefit to which she was entitled under the FMLA.

48.     As a result of the above-described violations of FMLA, **MARTINO** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

49.     The Plaintiff hereby incorporates by reference Paragraphs 1-23 and 38-48 in this Count by reference as though fully set forth below.

50.     **MARTINO** informed the Defendant of her need for leave for his own serious health condition.

51.     **MARTINO** engaged in activity protected by the FMLA when she requested leave due to her serious health condition and reinstatement, consistently informing the Defendant of the same.

52.     The Defendant knew, or should have known, that **MARTINO** was exercising her rights under the FMLA and was aware of **MARTINO**'s need for

FMLA-protected absence.

53.     A causal connection exists between **MARTINO**'s request for FMLA-protected leave and reinstatement and her termination from employment with the Defendant because **MARTINO** engaged in statutorily protected activity under the FMLA.

54.     The Defendant retaliated by altering the terms and conditions of **MARTINO**'s employment by refusing to return her to work, thereby terminating **MARTINO**'s employment because she engaged in the statutorily protected activity of requesting and FMLA leave, and demanding reinstatement. The Defendant refused to return **MARTINO** to work because **MARTINO** requested and took FMLA leave, and demanded reinstatement, and terminated her because she engaged in this statutorily protected activity.

55.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **MARTINO**'s employment because she engaged in activity protected by the FMLA.

56.     As a result of the above-described violations of FMLA, **MARTINO** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest,

and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

57.     Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

58.     At all relevant times, **MARTINO** was an individual with a disability within the meaning of the ADAAA.

59.     Specifically, **MARTINO** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

60.     **MARTINO** is a qualified individual as that term is defined in the ADAAA.

61.     **MARTINO** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

62.     At all material times, **MARTINO** was an employee and the Defendant was her employer covered by and within the meaning of the ADAAA.

63.     **MARTINO** has disabilities, which qualify under the ADAAA.

14

64. The Defendant discriminated against **MARTINO** with respect to the terms, conditions, and privileges of employment because of her disabilities.

65. The Defendant conducted itself with malice or with reckless indifference to **MARTINO**'s federally protected rights.

66. The Defendant discriminated against **MARTINO** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

67. The conduct of the Defendant altered the terms and conditions of **MARTINO**'s employment and **MARTINO** suffered negative employment action in the form of discipline and termination.

68. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MARTINO** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

69. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MARTINO** is entitled to all relief necessary to make her whole.

70. As a direct and proximate result of the Defendant's actions, **MARTINO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe

benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

71.     **MARTINO** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## <u>COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT-DISABILITY DISCRIMINATION</u>

72.     Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

73.     At all relevant times, **MARTINO** was an individual with a disability within the meaning of the FCRA.

74.     Specifically, **MARTINO** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

75.     **MARTINO** is a qualified individual as that term is defined in the FCRA.

76.     **MARTINO** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

77.     At all material times, **MARTINO** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

78.     **MARTINO** has disabilities, which qualify under the FCRA.

79.     The Defendant discriminated against **MARTINO** with respect to the terms, conditions, and privileges of employment because of her disabilities.

80.     The Defendant conducted itself with malice or with reckless indifference to **MARTINO**'s protected rights under Florida law.

17

81. The Defendant discriminated against **MARTINO** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

82. The conduct of the Defendant altered the terms and conditions of **MARTINO**'s employment and **MARTINO** suffered negative employment action in the form of discipline and termination.

83. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MARTINO** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

84. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MARTINO** is entitled to all relief necessary to make her whole.

85. As a direct and proximate result of the Defendant's actions, **MARTINO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

86. **MARTINO** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.  Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.  Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF THE ADAAA- RETALIATION

87. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

88.     Following **MARTINO**'s request for reasonable accommodation, the Defendant retaliated by altering the terms and conditions of her employment by terminating **MARTINO**.

89.     This constitutes a protected activity because such objections were in furtherance of rights secured to her by law.

90.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **MARTINO** including changed working conditions, discipline, and ultimately termination.

91.     Instead of ceasing its disparate treatment based upon disability, the Defendant retaliated against **MARTINO** via changed working conditions, discipline, and termination.

92.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADAAA.

93.      As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MARTINO** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

94.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MARTINO** is entitled to all relief necessary to make her whole as provided for under the ADAAA.

95.	As a direct and proximate result of the Defendant's actions, **MARTINO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

96.	**MARTINO** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.	Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.	Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.	Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.	Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v.      Declaratory relief declaring the acts and practices of the Defendant to

be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

97.     Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

98.     Following **MARTINO**'s request for reasonable accommodation, the Defendant retaliated by altering the terms and conditions of her employment by terminating **MARTINO**.

99.     This constitutes a protected activity because such objections were in furtherance of rights secured to her by law.

100.    Said protected activity was the proximate cause of the Defendant's negative employment actions against **MARTINO** including changed working conditions, discipline, and ultimately termination.

101.    Instead of ceasing its disparate treatment based upon disability, the Defendant retaliated against **MARTINO** via changed working conditions, discipline, and termination.

22

102.    The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

103.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MARTINO** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

104.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MARTINO** is entitled to all relief necessary to make her whole as provided for under the FCRA.

105.    As a direct and proximate result of the Defendant's actions, **MARTINO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

106.    **MARTINO** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.     Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.   Compensatory damages, and;

viii.  Such other relief as this Court shall deem appropriate.

## COUNT VII: VIOLATION OF THE FLSA- UNPAID OVERTIME

107.   The Plaintiff hereby incorporates Paragraphs 1-9 and 24-36 in this Count as though fully set forth herein.

108.   **MARTINO** was actually covered, non-exempt employee under the FLSA at all times during her employment as a scheduler with the Defendant.

24

109.   The Defendant was required by the FLSA to pay **MARTINO** at least time and one- half for all hours worked by **MARTINO** in excess of 40 hours per week.

110.   The Defendant had operational control over all aspects of **MARTINO**'s day-to- day functions during her employment, including compensation.

111.   The Defendant was **MARTINO**'s "employer" and is liable for violations of the FLSA in this case.

112.   The Defendant violated the FLSA by failing to pay **MARTINO** at least time and one-half for all hours worked over 40 per week.

113.   The Defendant has willfully violated the FLSA in refusing to pay **MARTINO** proper overtime for all hours worked over 40 per week.

114.   As a result of the foregoing, **MARTINO** has suffered damages of lost wages.

115.   The Defendant is the proximate cause of **MARTINO**'s damages.

 **WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CHRISTIE MARTINO**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,


Dated: January 12, 2021         **/s/ Benjamin H. Yormak**
                                Benjamin H. Yormak
                                Florida Bar Number 71272
                                Trial Counsel for Plaintiff
                                Yormak Employment & Disability Law
                                9990 Coconut Road
                                Bonita Springs, Florida 34135
                                Telephone: (239) 985-9691
                                Fax: (239) 288-2534
                                Email: byormak@yormaklaw.com